# In the United States Court of Federal Claims

No. 12-516 C

(Filed May 29, 2013)

```
* * * * * * * * * * * * * *   *
EXTREME COATINGS, INC.        *
                              *
            Plaintiff,        *
                              *
     v.                       *
                              *
THE UNITED STATES,            *
                              *
            Defendant.        *
* * * * * * * * * * * * * *   *
```

**STIPULATED NON-WAIVER
AGREEMENT PURSUANT TO FEDERAL RULE
OF EVIDENCE 502 REGARDING PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Evidence (FRE) 502, this agreement (Agreement) sets forth the understanding by and between Extreme Coatings, Inc. (ECI) and the United States Government (United States or Government) (collectively the Parties) regarding the Parties' production of documents in discovery in the above captioned case (the Case).  This Agreement governs documents that ECI or the Government claims are protected from disclosure by the attorney-client, work-product, or other executive privileges (the Privileged Material).

WHEREAS, the Parties will be producing documents, including Electronically Stored Information, in this Case both for purposes of initial disclosures pursuant to Court of Federal Claims Rule 26(a)(1)(A), as well as in response to discovery requests (Documents).  In connection with such productions, the Government intends to take reasonable steps to prevent the inadvertent disclosure of Documents that are Privileged Materials by, for example, conducting an electronic privilege review which will involve searching for attorneys' last

names and key terms related to the rendering of legal advice, and will withhold any Privileged Materials from production following a review and good-faith determination that, in the Government's view, the Privileged Materials are privileged.  The Government intends to follow this procedure with each of the document productions that it is required to undertake in discovery in the Case.

WHEREAS, ECI has advised the Government that it will follow procedures for production of Documents similar to those described in the preceding paragraph.

WHEREAS, Documents may contain Privileged Materials not subject to discovery under the Court of Federal Claims Rules, the Federal Rules of Evidence, or other applicable sources of law.

WHEREAS, the Parties acknowledge that, despite each Party's best efforts to conduct a thorough pre-production review of Documents, some Privileged Materials may be inadvertently disclosed to the other Party during the course of discovery in the Case.

WHEREAS, the Parties seek to establish a mechanism to avoid waiver of privilege as a result of the inadvertent disclosure of Privileged Materials and therefore the parties have stipulated that the following clauses shall govern the production of Documents in the Case.

WHEREAS, ECI and the Government jointly have moved this Court for the entry of this Agreement as an Order of the Court governing the production of Documents in the Case, the terms of which are set forth in this Order, and good cause therefore having been shown, now therefore it is **ORDERED** as follows:

1. If the Party producing documents (the Producing Party) discovers that it has produced Privileged Materials to the Party receiving the documents (the Receiving Party) and does not wish to waive the privilege, the Producing Party will notify the Receiving Party in writing that Privileged Materials, identified by Bates number(s), have been produced, and provide the Receiving Party with a privilege log identifying the Privileged Materials with sufficient specificity to allow the Receiving Party to evaluate the Producing Party's privilege claim(s).  Within ten (10) business days of receiving such written notification from the Producing Party, the Receiving Party will:

    (a) return the production media containing the Privileged Materials; (b) destroy all other electronic or paper copies of the Privileged Materials in its possession or control; and (c) make reasonable efforts to delete the Privileged Materials from any database or other medium in the Receiving Party's possession or control in which the Privileged Materials are electronically stored.  Within five (5) business days of the destruction of all copies of the Privileged Materials in its possession or control, the Receiving Party will provide a written certification confirming such destruction to the Producing Party.  Within ten (10) business days following the Producing Party's receipt of such written notification confirming the destruction of the Privileged Materials, the Producing Party will provide, unless otherwise stipulated by the Parties, the Receiving Party with a new production media containing versions of all of the Documents on the original production media, except for the Privileged Materials.

2. If the Receiving Party discovers that it has received one or more Documents from the Producing Party that, in the judgment of the Receiving Party, appear to be Privileged Materials, the Receiving Party promptly will notify the Producing Party in writing that such Documents have been produced, and will identify the Documents by Bates number(s).  If the Producing Party notifies the Receiving Party in writing that the Documents are indeed Privileged Materials and that the Producing Party does not wish to waive the privilege, the Receiving Party will take the steps described in Paragraph 1 above regarding the Privileged Materials.  Within ten (10) business days following the Producing Party's receipt of the Receiving Party's written notification confirming the destruction of the Privileged Materials, the Producing Party will provide, unless otherwise stipulated by the parties, the Receiving Party with:  (a) a new production media containing versions of all of the Documents on the original production media, except for the Privileged Materials; and (b) a privilege log identifying the Privileged Materials.

3. In connection with Documents produced by ECI or the Government, and consistent with FRE 502(b), the inadvertent disclosure of any Document which is subject to a legitimate claim that the Document should have been withheld as Privileged Material shall not waive any

privilege for that Document or for the subject matter of the inadvertently disclosed Document in the present case or any other federal or state proceeding.

4. The Receiving Party and its agents shall not use, copy, transfer, or distribute any information acquired from the Privileged Materials. If the Receiving Party believes that a Document claimed as privileged is not, in fact, Privileged Material and wishes to use or disclose the Document, prior to taking any such action, the Receiving Party will so notify the Producing Party in writing, setting forth the reasons why the Receiving Party does not consider the Document to be privileged, and requesting the Producing Party's consent prior to using or disclosing the Document. The Producing Party promptly will, in writing, either consent to the Receiving Party's use or disclosure of the Document, or advise the Receiving Party that it disagrees with the Receiving Party (setting forth the reasons for this disagreement) and does not consent to the Receiving Party's use or disclosure of the Privileged Material. If the Producing Party does not consent to the Receiving Party's use or disclosure of the Privileged Material, the Receiving Party, in its sole discretion, may promptly take the necessary steps to permit the United States Court of Federal Claims to conduct in camera review to entertain arguments from the Parties and to decide whether the document is protected from disclosure by the asserted privilege(s) and/or whether such protection has been waived or is otherwise inapplicable. In these limited circumstances, the Receiving Party may segregate and retain a single copy of the Privileged Material, solely for seeking Court determination. The Privileged Material will remain segregated and sealed unless and until the United States Court of Federal Claims, or the United States Court of Appeals for the Federal Circuit, authorizes the Privileged Material's use or disclosure, subject to the next sentence. In the event that the United States Court of Federal Claims rules that the Receiving Party may use or disclose the Document claimed as privileged but determined to not be privileged or where the privilege has been deemed waived, the Receiving Party must continue to segregate and seal such Document only if the Producing Party notifies the Receiving Party in writing of its intent to appeal the United States Court of Federal Claims ruling within ten (10) calendar days of receipt of the

ruling.  If the Receiving Party elects not to take the necessary steps to permit the United States Court of Federal Claims to entertain arguments with regard to such a Document that the Receiving Party believes is not privileged, as to which the Receiving Party believes privilege has been waived or is otherwise inapplicable, the Receiving Party shall not use or disclose the Privileged Material, and will continue to comply with the provisions of this Agreement.

5. Any Privileged Material inadvertently disclosed by the Producing Party to the Requesting Party shall be and remain the property of the Producing Party.

6. This Agreement is intended to be consistent with FRE 502 and is not to be construed to diminish either Party's rights or obligations as therein described.

It is so **ORDERED**.

/s/ Lynn J. Bush
LYNN J. BUSH
Judge